Richard A. Lafont
FREEDMAN NORMAND FRIEDLAND LLP
155 E. 44th St., Suite 915
New York, NY 10017
(646) 350-0527
Email: rlafont@fnf.law

*Attorneys for Defendants, RABBI ARYEH LEIB BENSINGER, RABBI MARK ROSENBERG, and DAVID KATZ*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MOSHE ZEINES, | Civil Action No. 2:25-CV-13335-JXN-LDW |
| Plaintiff, | |
| v. | **Motion Return Date:** |
| RABBI YAAKOV BLEJER, RABBI ARYEH LEIB BENSINGER, RABBI MARK ROSENBERG, and DAVID KATZ a/k/a DOV KATZ a/k/a DOVIE KATZ, | December 1, 2025 |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION TO DISMISS THE
<u>FIRST AMENDED COMPLAINT OF PLAINTIFF MOSHE ZEINES</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ...................................................................................................................... 2

    POINT I ......................................................................................................................... 2

        STANDARD ON MOTION TO DISMISS ............................................................. 2

    POINT II ........................................................................................................................ 3

        THE COURT LACKS PERSONAL JURISDICTION OVER THESE FLORIDA DEFENDANTS UNDER RULE 12(B)(2) ................................................................. 3

    POINT III ....................................................................................................................... 3

        VENUE IS IMPROPER OR, AT MINIMUM, THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA (RULE 12(B)(3); 28 U.S.C. §§ 1391(B), 1404(A) ............................................................................................................................ 3

    POINT IV ...................................................................................................................... 4

        THE DEFAMATION AND FALSE LIGHT CLAIMS ARE BARRED ................. 4

    POINT V ....................................................................................................................... 4

        EACH SUBSTANTIVE COUNT FAILS TO STATE A CLAIM UNDER RULE 12(B)(6) .. 4

            A. No Process Was Utilized or Perverted As To Constitute Abuse of Process ................. 4

            B. Tortious Interference with Judicial Proceedings Is Not a Cognizable Tort Here .......... 4

            C. Defamation and False Light Claims are Barred by Privileges, Are Non-Actionable, and Are Time Barred ........................................................................................................ 5

            D. No Extreme and Outrageous Circumstances Existed As To Constitute IIED ............... 6

            E. No Wrongful Means, Specific Expectancy, or Causation Exists As To Constitute Tortious Interference With Prospective Economic Advantage ................................... 6

            F. Plaintiff's Civil Conspiracy Allegation Is Purely Derivative And Conclusory ............ 6

    POINT VI ...................................................................................................................... 6

        AN INDEPENDENT BAR EXISTS TO LIABILITY FOR THE LAW ENFORCEMENT REPORTS ................................................................................................................... 6

    POINT VII ..................................................................................................................... 7

        ECCLESIASTICAL ABSTENTION CONSIDERATIONS WARRANT DISMISSAL OR NARROWING ........................................................................................................... 7

POINT VIII ............................................................................................................................. 7

    IF THE COURT DEEMS DISMISSAL IMPROPER, THE COURT SHOULD ORDER A MORE DEFINITE STATEMENT ................................................................................... 7

POINT IX .............................................................................................................................. 7

    ENJOINING DEFENDANTS FROM FUTURE SPEAK IS UNCONSTITUTIONAL ........ 7

CONCLUSION ....................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................. 2

*BE&K Constr. Co. v. NLRB*,
 536 U.S. 516 (2002) ................................................................................................. 6

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................................................. 2

*Cal. Motor Transp. v. Trucking Unlimited*,
 404 U.S. 508 (1972) ................................................................................................. 6

*Calder v. Jones*,
 465 U.S. 783 (1984) ................................................................................................. 2

*Walden v. Fiore*,
 571 U.S. 277 (2014) .............................................................................................. 1, 2

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................ 1, 2, 4

28 U.S.C. §§ 1391(B), 1404(A) .................................................................................. i, 3

Fla. Stat. § 95.11 (2025) ................................................................................................ 4

NJ. Rev. Stat. § 2A:14-3 (2024) .................................................................................... 4

**Rules**

Federal Rule of Civil Procedure 12(f) ........................................................................... 7

Federal Rules of Civil Procedure 12(b)(2) ........................................................... 2, 3, 8

Federal Rules of Civil Procedure 12(b)(3) .............................................................. 2, 8

Federal Rules of Civil Procedure 12(b)(6) .............................................................. 4, 8

**Other Authorities**

Restatement (Second) of Torts § 598 ............................................................................................. 5

Restatement (Second) of Torts §§ 594–96 ..................................................................................... 5

Defendants Aryeh Leib Bensinger, Mark Rosenberg, and David Katz a/k/a Dov Katz a/k/a Dovie Katz ("Defendants") move under Rules 12(b)(2), 12(b)(3), and 12(b)(6) to dismiss the First Amended Complaint ("Complaint") in its entirety. Alternatively, they move under 28 U.S.C. § 1404(a) to transfer this action to the Southern District of Florida, or for a more definite statement under Rule 12(e) as to any surviving claim, and to strike impermissible injunctive and prior restraint relief under Rule 12(f).

## PRELIMINARY STATEMENT

This case arises from a Florida dispute concerning statements made in Florida to Florida audiences and to the Miami-Dade Police Department ("MDPD") about Plaintiff facing serious child exploitation charges in New Jersey, supported by a sworn Affidavit of Probable Cause and multiple device seizures. The police packet includes WhatsApp messages in which Plaintiff acknowledged that a minor was fifteen, exchanged sexual content, and solicited explicit photographs— all linked to a seized white Google phone.

Plaintiff's own pleading confirms that the relevant acts occurred in South Florida: safety reports made to MDPD, a February 10, 2022 supplemental police report, a synagogue community letter circulated in North Miami Beach, and a landlord contact in Florida. Although the Complaint claims these acts harmed Plaintiff's reputation and "interfered" with his New Jersey criminal defense, it relies for jurisdiction and venue primarily on his New Jersey citizenship and alleged consequences. *See* Compl. ¶¶ 1-3 (Nature of Action; Jurisdiction & Venue; Factual Background; Counts).

Under *Walden v. Fiore*, a plaintiff's residence and subjective sense of injury in a forum do not establish personal jurisdiction. 571 U.S. 277, 285–86 (2014). The claims are also time barred, as they concern events from January through March 2022 that Plaintiff did not sue upon until 2025.

1

In any event, privilege defeats these claims: the challenged statements were reports to law enforcement, fair reports of pending charges, or communications made in furtherance of community safety and shared concern. Finally, even setting aside these dispositive bars, Plaintiff's allegations fail to state a viable cause of action on their face.

## ARGUMENT

### POINT I

### STANDARD ON MOTION TO DISMISS

Under Federal Rules of Civil Procedure 12(b)(2), Plaintiff must establish specific jurisdiction based on defendants' contacts with New Jersey, and not simply the injury felt there. *See Walden*, 571 U.S. at 285–86; *Calder v. Jones*, 465 U.S. 783 (1984). Federal Rules of Civil Procedure 12(b)(3) allows a motion to dismiss to be based on "improper venue" and 28 U.S. Code § 1404(a) states that venue is proper only where a "substantial part of the events or omissions" occurred. Even if technically proper, transfer serves convenience and interests of justice.

Moreover, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere "possibility" of a claim is not enough. *Id*. The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555.

## POINT II

### THE COURT LACKS PERSONAL JURISDICTION OVER THESE FLORIDA DEFENDANTS UNDER RULE 12(B)(2)

All of the alleged conduct is Florida-centric: (i) Police reports were made to MDPD— a Florida law-enforcement agency—in February 2022; (ii) a community letter was disseminated to hundreds of community members in North Miami Beach, Florida, addressing synagogue and neighborhood safety concerns. (*See* Compl., defamation/false-light sections.); and (iii) the landlord contact related to Plaintiff's Florida residence and tenancy in North Miami Beach around March 2022. *See* Compl. ¶¶ 18–20, 24–27, 35 (Factual Narrative and Count One).

None of this constitutes conduct purposefully directed toward New Jersey. The only asserted New Jersey nexus is Plaintiff's own residence and the pendency of his New Jersey criminal case—connections that *Walden* makes clear cannot establish personal jurisdiction. The "effects" test does not apply here: the challenged statements and reports were directed exclusively to Florida recipients—Florida police, Florida community leaders, and a Florida landlord. Accordingly, dismissal under Rule 12 (b)(2) is required as to all Defendants and all claims.

## POINT III

### VENUE IS IMPROPER OR, AT MINIMUM, THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA (RULE 12(B)(3); 28 U.S.C. §§ 1391(B), 1404(A))

A "substantial part" of the events, including the police contacts, the community letter, and the landlord outreach, occurred in Miami-Dade and North Miami Beach. The witnesses — detectives, dispatch, records custodians, recipients of the letter, the landlord and property staff— are all in South Florida. By contrast, New Jersey's only connection is Plaintiff's residence and the background New Jersey criminal charges, all of which are not the actionable events here. Transfer

3

under § 1404(a) will materially reduce subpoena and trial burdens and aligns with the locus of proof. *See* Compl. pages. 3–7.

## POINT IV

### THE DEFAMATION AND FALSE LIGHT CLAIMS ARE TIME-BARRED

Plaintiff focuses his pleadings on publications and reports from January through March 2022, but filed this case on July 15, 2025, over three years later. Under New Jersey and Florida's one year statute for libel and slander, these speech-based claims are expired. *See* NJ. Rev. Stat. § 2A:14-3 (2024); *See also* Fla. Stat. § 95.11 (2025). The same analysis bars any false light claim to the extent governed by the same or an equally short period. At minimum, all publications before July 15, 2024 must be dismissed as untimely.

## POINT V

### EACH SUBSTANTIVE COUNT FAILS TO STATE A CLAIM UNDER RULE 12(B)(6)

#### A. No Process Was Utilized or Perverted As To Constitute Abuse of Process

"Abuse of process" requires use of process after issuance for an improper purpose. Count One of the Complaint alleges preprocess speech—reports to police, community warnings, and a landlord communication— and not any misuse of an issued writ or order. (*See* Compl. Count One narrative.) That is categorically insufficient.

#### B. Tortious Interference with Judicial Proceedings Is Not a Cognizable Tort Here

The claim reframes speech to police and within a synagogue community as "interference with the NJ case." But the alleged acts are petitioning and safety communications, not wrongful manipulation of court process. (*See* Count Four alleges MDPD reports and community statements.) The count should be dismissed as non-cognizable or for failure to plead the required elements.

4

### C. Defamation and False Light Claims are Barred by Privileges, Are Non-Actionable, and Are Time Barred

A qualified privilege applies when reporting a suspected crime. Communications to law enforcement are privileged absent knowing falsity or reckless disregard. Restatement (Second) of Torts § 598. Plaintiff pleads the opposite of malice: he was facing serious NJ charges documented in a sworn affidavit, device seizures, and a WhatsApp thread acknowledging the minor's age and requesting explicit photos. Given that backdrop, reporting concerns to MDPD were, as a matter of law, reasonable and privileged. (Compl. pp. 3–8.)

A common interest privilege also exists between a synagogue and its community members, as well as landlord-tenant safety. These are safety-oriented communications within a religious and communal context, that were made to a landlord about tenant safety. Restatement (Second) of Torts §§ 594–96. Plaintiff's own pleading frames the letter as a community warning disseminated to North Miami Beach members and the landlord outreach as a property safety communication. (Compl., pp. 5–7, 13–16, 20–22).

The reporting also consists of an opinion and rhetorical hyperbole. Descriptors such as "inappropriate activity" or appeals to "remove from the community," as pled, are value judgments, not verifiable facts, and are therefore nonactionable.

Further, no plausible malice exists. Plaintiff leans on an MDPD supplemental narrative from February 10, 2022 that "did not discover any evidence" of a Florida crime or a release violation. (Compl., p. 5.). No after-the-fact conclusion can retroactively render earlier reports "knowing falsehoods," nor can it plausibly establish malice in later discussions concerning community safety.

For all these independent reasons—privileges, truth and opinion, malice, and limitations—Counts Two and Eight must be dismissed.

5

### D. No Extreme and Outrageous Circumstances Existed As To Constitute IIED

Reporting concerns to police, warning a religious community, and a single landlord outreach about a tenant amid a highly serious criminal case are not "atrocious, and utterly intolerable in a civilized community." The IIED allegation is also speech-based and duplicative of the defamation theory; it rises or falls with the privileged nature of the communications. (Compl., pp. 11–12.).

### E. No Wrongful Means, Specific Expectancy, or Causation Exists As To Constitute Tortious Interference With Prospective Economic Advantage

Plaintiff fails to specific an existing customer, employer, or contractual expectancy that defendants intentionally and improperly disrupted. The alleged conduct—safety reports to MDPD, community warnings, and a landlord communication—is privileged and lawful. (Compl., pp. 13–16, 20–22.) Causation is especially implausible given that the dominant source of reputational and housing risk was Plaintiff's own NJ criminal case and the sworn probable-cause record.

### F. Plaintiff's Civil Conspiracy Allegation Is Purely Derivative And Conclusory

Plaintiff's "agreement" allegations are threadbare and merely restate the underlying torts (all of which fail). (Compl., pp. 16–19.). The count collapses with the substantive claims.

## POINT VI

## AN INDEPENDENT BAR EXISTS TO LIABILITY FOR THE LAW ENFORCEMENT REPORTS

Reports to MDPD are petitioning the government for redress and are protected, absent sham reporting. *See, e.g., BE&K Constr. Co. v. NLRB*, 536 U.S. 516 (2002); *Cal. Motor Transp. v. Trucking Unlimited*, 404 U.S. 508 (1972). Against the police packet's backdrop —sworn probable cause, seized devices, and explicit WhatsApp thread— Plaintiff cannot plausibly allege the objective baselessness necessary to pierce petitioning immunity.

## POINT VII

### ECCLESIASTICAL ABSTENTION CONSIDERATIONS WARRANT DISMISSAL OR NARROWING

Adjudicating whether synagogue leaders fulfilled or breached communal safety duties risks entangling the Court in internal religious governance. At minimum, the Court should avoid policing synagogue discipline and its decisions surrounding communication that can be resolved on neutral principles such as privilege, truth, and opinion, without entanglement.

## POINT VIII

### IF THE COURT DEEMS DISMISSAL IMPROPER, THE COURT SHOULD ORDER A MORE DEFINITE STATEMENT

The Complaint group pleads defendants, mixes time frames, and fails to identify the who, what, when, and where of each supposedly defamatory sentence. If any claim survives, the Court should order a more definite statement specifying (a) the exact words attributed to each defendant, (b) the date, time, place of publication, and (c) the recipients.

## POINT IX

### ENJOINING DEFENDANTS FROM FUTURE SPEAKING IS UNCONSTITUTIONAL

To the extent Plaintiff seeks to enjoin defendants from future speech (as the Prayer suggests), that relief is an unconstitutional prior restraint and should be stricken under Federal Rule of Civil Procedure 12(f) at the pleadings stage.

## **CONCLUSION**

For all the foregoing reasons, the Court should dismiss the Complaint with prejudice under Rules 12(b)(2), 12(b)(3), and 12(b)(6). In the alternative, it should transfer to the Southern District of Florida, require a more definite statement, and/or strike any request for injunctive relief.

Dated: New York, New York
October 28, 2025

Respectfully Submitted,

**FREEDMAN NORMAND FRIEDLAND LLP**

By: /s/ *Richard A. Lafont*
Richard A. Lafont
155 E. 44th St., Suite 915
New York, NY 10017
(646) 350-0527
Email: rlafont@fnf.law

*Attorneys for Defendants, RABBI ARYEH LEIB BENSINGER, RABBI MARK ROSENBERG, and DAVID KATZ*